UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-344(DSD/TNL)

James R. Schneider,

       Plaintiff,

v.                                                      **ORDER**

SunTrust Mortgage, Inc.,

       Defendant.

    Bryan R. Battina, Esq. and Battina Law, PLLC, 1907 East
    Wayzata Boulevard, Suite 170, Wayzata, MN 55391, counsel
    for plaintiff.

    Eric D. Cook, Esq., Michael R. Sauer, Esq. and Wilford &
    Geske, P.A., 8425 Seasons Parkway, Suite 105, Woodbury,
    MN 55125, counsel for defendant.


This matter is before the court upon the motion to dismiss by defendant SunTrust Mortgage, Inc. (SunTrust). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

This foreclosure dispute arises out of a promissory note and mortgage executed on March 14, 2007, by plaintiff James R. Schneider to SunTrust in the amount of $608,000. Compl. ¶ 5; Sauer Aff. ¶ 3; id. Exs. 1, 2. Schneider simultaneously executed a mortgage to Mortgage Electronic Registration System (MERS), as nominee for SunTrust. Id. Exs. 1, 2. On July 1, 2009, Schneider defaulted on the note and mortgage. Id. ¶ 4.

On January 5, 2009, MERS assigned its interest as mortgagee to SunTrust pursuant to an assignment of mortgage filed with the Anoka County Recorder's Office on January 15, 2009.  Id. ¶ 5; id. Ex. 3; Compl. ¶¶ 7-8.  On April 29, 2010, SunTrust commenced foreclosure by advertisement on the property.  Sauer Aff. ¶ 6; id. Ex. 4. Schneider claims that MERS "without any recorded or actual right in the Mortgage, initiated foreclosure proceedings as mortgagee and proceeded to sell the mortgage at sheriff sale on April 29, 2010." Compl. ¶ 16.[1]  SunTrust was the successful bidder at the sheriff's sale.  Sauer Aff. ¶ 7.  On February 17, 2010, Schneider sent SunTrust an 18-page, single-spaced letter, purporting to be a "qualified written request" (QWR).  Id. Ex. 5.  The letter makes numerous demands and requests, including demanding copies of over 50 separate documents, details of "each and every credit on this account," all electronic transfers, all copies of property inspection reports, all invoices for each inspection fee, all checks used to pay invoices, and all agreements "with vendors that have been paid for any charge."  Id. Ex. 5, at 6.  On March 4, 2010, SunTrust acknowledged receipt of Schneider's letter, and responded to the letter on March 5, 2010.  Id. Exs. 6-7.  In its response, SunTrust enclosed a copy of some documents requested, but noted that "a QWR is only available for information relating to the

_____

[1] Schneider now concedes that SunTrust, not MERS, initiated the foreclosure.  See Pl.'s Mem. Opp'n 1.

servicing of a loan and does not require disclosure of confidential, proprietary or unrelated information." Id. Ex. 7.

On January 18, 2011, Schneider sued SunTrust in Minnesota state court, alleging that SunTrust violated Minnesota foreclosure-by-advertisement statutes and the Real Estate Settlement Procedures Act (RESPA), and seeking injunctive relief, a declaratory judgment and quiet title. SunTrust timely removed, and moved to dismiss the complaint. The court now considers the motion.

## DISCUSSION

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels

and conclusions or a formulaic recitation of the elements of a

cause of action are not sufficient to state a claim." Iqbal, 129

S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings in

deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ.

P. 12(d). The court may consider, however, materials "that are

part of the public record," Porous Media Corp. v. Pall Corp., 186

F.3d 1077, 1079 (8th Cir. 1999), and matters "necessarily embraced

by the pleadings and exhibits attached to the complaint," Mattes v.

ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003). In the

present action, the court considers the mortgage, promissory note,

recorded assignment, notice of sheriff's sale, and the February and

March 2010 letters.

## I.   Foreclosure by Advertisement

Under Minnesota law, a party seeking foreclosure by

advertisement must meet the following requirements:

> (1) that some default in a condition of such
> mortgage has occurred, by which the power to
> sell has become operative;
> (2) that no action or proceeding has been
> instituted at law to recover the debt then
> remaining secured by such mortgage ...
> (3) that the mortgage has been recorded and,
> if it has been assigned, that all assignments
> thereof have been recorded ....

Minn. Stat. § 580.02; see Jackson v. Mortg. Elec. Registration

Systs., Inc., 770 N.W.2d 487, 492 (Minn. 2009).

4

Schneider first alleges that SunTrust violated this statute when it "transferred its interest in the Mortgage without informing" him and "assigned its interest in the Mortgage which went unrecorded prior to the foreclosure proceedings." Compl. ¶¶ 7, 10. Schneider next alleges that SunTrust "regained its interest in the Mortgage" when MERS assigned the mortgage back to SunTrust on January 5, 2009. Id. ¶¶ 7-8. Schneider further alleges that "[t]here is no recorded assignment of *any* interest back to MERS." Id. ¶ 9.

Schneider admits that MERS did not perform the foreclosure, but argues that his claims still have merit. See Pl.'s Mem. Opp'n 8. The court disagrees. Schneider's claim for wrongful foreclosure is premised on the fact that MERS foreclosed without a valid transfer from SunTrust. SunTrust, however, initiated foreclosure. See Sauer Aff. Ex. 4. The factual allegations regarding the transfer to MERS are irrelevant and unsupported.[2] MERS became the mortgagee on the property when Schneider executed a mortgage to MERS, as nominee for SunTrust, on March 14, 2007. See id. Exs. 1, 2. The January 5, 2009 assignment from MERS to SunTrust was properly recorded, see id. Ex. 3, and SunTrust, not MERS, foreclosed on the property, see id. Ex. 4.

---

[2] Moreover, public records invalidate all of Schneider's assertions.

Schneider argues that the court must accept as true his unsupported account of the facts and disregard documents proffered by SunTrust in support of its motion.  The court disagrees.  The court may consider these documents because they are part of the public record and are necessarily embraced by the pleadings.  See Mattes, 323 F.3d at 698 n.4; Porous Media, 186 F.3d at 1079. Moreover, a complaint does not suffice when, as here, "it tenders naked assertions devoid of further factual enhancement."  Iqbal, 129 S. Ct. at 1950 (citation and internal quotation marks omitted).

Schneider next argues that SunTrust failed to provide proper notice of the sheriff's sale because the notice did not provide the name of each assignee of the mortgage.  See Compl. ¶ 15.  In a foreclosure by advertisement, Minnesota law requires that notice of the sale must include "the name of the mortgagor, the mortgagee, each assignee of the mortgage, if any, and the original or maximum principal amount secured by the mortgage."  Minn. Stat. § 580.04(a)(1).  SunTrust was listed as the assignee of the mortgage on the foreclosure notices.  See Sauer Aff. Ex. 4. Schneider does not allege that any other assignees were improperly omitted.[3]  Again, Schneider provides only bare assertions in

---

[3] In his memorandum, Schneider asserts that SunTrust assigned its interest in the sheriff's certificate to U.S. Bank on April 30, 2010, and appears to allege that SunTrust violated Minnesota Statutes § 580.12. See Pl.'s Mem. Opp'n 9. Schneider's complaint contains no facts related to a transfer of the sheriff's certificate and does not allege a violation of § 580.12.
(continued...)

support of his claim.[4]   Therefore, Schneider fails to state a claim
and dismissal is warranted.

## II.   RESPA

RESPA provides that "[i]f any servicer of a federally related
mortgage loan receives a qualified written request from the
borrower ... for information relating to the servicing of such
loan, the servicer shall provide a written response acknowledging
receipt of the correspondence within 20 days."   12 U.S.C.
§ 2605(e)(1).   RESPA further requires that the loan servicer
provide a written response within 60 days.  See id. § 2605(e)(2).
A QWR is a written correspondence that "(i) includes ... the name
and account of the borrower; and (ii) includes a statement of the
reasons for the belief of the borrower, to the extent applicable,
that the account is in error or provides sufficient detail to the
servicer regarding other information sought by the borrower."  Id.
§ 2605(e)(1)(B).   Schneider alleges that he submitted a QWR on
February 17, 2010, but SunTrust failed to acknowledge the QWR
within 20 days and respond within 60 days.  See Compl. ¶¶ 21-23.

---

[3](...continued)
Accordingly, the court does not consider these arguments.

[4] The court declines to consider the Reuters news article
proffered by Schneider to support his claim that SunTrust "has a
history of not knowing when it assigns its interest in a mortgage."
Pl.'s Mem. Opp'n 8; see also Battina Aff. Ex. C.  This article is
irrelevant to Schneider's burden to plead sufficient facts to
support his individual claim against SunTrust.  Schneider failed to
do so, and, therefore, his claim warrants dismissal.

As an initial matter, Schneider's complaint contains no facts supporting his conclusion that the letter qualifies as a QWR under RESPA, and dismissal is warranted on this basis alone.  The 18-page letter, although styled as a QWR, makes several demands entirely unrelated to the servicing of his loan.  See Sauer Aff. Ex. 5. Moreover, the record shows that SunTrust provided a written acknowledgment of receipt of the QWR on March 4, 2010, and a written response to the QWR on March 5, 2010.  See Sauer Aff. Exs. 6-7.  These responses fall well within the content and time requirements of RESPA.  Schneider denies that he timely received SunTrust's responses.  This fact is irrelevant, however, as RESPA requires only that the "the servicer shall provide" written responses within 20 and 60 days, not that the borrower receive the responses within that time period.  See 12 U.S.C. § 2605(e)(1)(A), (e)(2).

Schneider further argues that "[b]y evidence of the postmark on the envelope, on June 11, 2010, Sun Trust [sic] mailed a letter dated April 2, 2010, allegedly responding to the QWR.  This response wholly fails to respond to Plaintiff's questions and concerns and instead claims the QWR was a scam."  Compl. ¶ 24. Schneider's complaint, however, fails to identify which questions and concerns SunTrust failed to address, how SunTrust failed to address them and how SunTrust failed to comply with its obligations under RESPA.  These factual allegations are particularly essential

in light of the fact that Schneider's letter requests copious material unrelated to the servicing of his loan and SunTrust's obligations under RESPA.   To survive a motion to dismiss, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 129 S. Ct. at 1949.   Here, Schneider's conclusory and unsupported allegations fail to raise a right to relief above the speculative level. Therefore, dismissal is warranted.[5]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 2] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   June 30, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[5]   Because Schneider's claims under counts I and II are dismissed, the remaining claims also fail.   Count III (injunctive relief), count IV (declaratory judgment) and count V (quiet title) are all premised on SunTrust's liability in counts I and II.